UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DESPINA ASARIDIS

IOANNIS ASARDIS

Plaintiff

V.

2014 FEB 28 P 4: 27

Civil Action No. | 2014 -CV-10417

ERIC M.WEINSTEIN

TAILORED TAX CENTER

EFFICIENT EXCAVATING, INC

CHASE

BANK OF AMERICA

Defendants

## FIRST AMENDDED COMPLAINT

### Parties

1.  The Plaintiffs is a resident of Walpole, County of Norfolk, Massachusetts and a citizen of the United States.

2.  Defendant Eric M. Weinstein (hereafter ERIC) is a resident of Stoughton, County of Norfolk, Massachusetts with a usually place of business of 971 Park Street, Stoughton, Ma 02072.

3.  Defendant Tailored Tax Centers is a Tax Company with a usually place of business of 971 Park Street Stoughton, Ma 02072

4.  Defendant Efficient Excavating Inc. (hereafter Efficient) is a Corporation of Brockton, County of Plymouth, Massachusetts with a usually place of business of 792 Oak Street, Brockton, Ma.

5. Defendant Bank of America (BOA) is a credit card company with a usually address of PO BOX 982238, EL PASO TX 79998.

6. Defendant Chase (hereafter CHASE) is a corporation and third party debt collector & servicer with a usual address and place of Business of P.O Box 15298 WILMINGTON DE 19850.

### Jurisdiction

7. Venue is proper in this Court because the acts and transactions occurred here, Plaintiffs resides here, and Defendants transacts business here.

8. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

### Facts

9. All conditions precedent to the bringing of this action has been performed.

10. This is not Plaintiff first time trying to collect the debt that is owed to him from defendants Eric & Efficient.

11. Defendants Eric, Efficient Timothy and Cindy have refused Plaintiff's demands to repay their debt.

12. The Plaintiffs owns a service station on Park Street in Stoughton, Massachusetts.

13. The Defendant Eric Came to plaintiff and stated that his business was very slow and he needed a loan to invest in his business Tailored Tax Centers and to pay some bills that were behind and he would be able to pay plaintiff back at the end of the tax seasoned once his business recovered.

14. Defendant Eric Weinstein stated that he would invest the money borrowed from plaintiff into his business (Tailored Tax Centers) and the business Tailored Tax Centers would produce

15. The plaintiff has loaned Defendant Eric Weinstein money several times and he was never paid back on time.

16. Defendant Eric is an accountant and only would pay plaintiff money after tax period because that was when he had money after the tax season, no matter when any promissory note stated he was to make a payment.

17. The plaintiffs loaned defendant Eric Weinstein $70,000 dollars of his money.

18. Defendant Eric M. Weinstein came to plaintiffs and stated that he was having financial hardship and needed a loan.

19. Plaintiffs have been and will continue to be financially damaged due to Defendant's Eric, Efficient intentional, reckless, wanton and negligent failure to pay their line of credit.

20. Plaintiffs knew Eric M. Weinstein from doing business with him, Defendant Eric was and is an accountant that did accounting work for the Plaintiffs.

21. Plaintiffs loaned defendant Eric Seventy Thousand Dollars ($70,000) and Defendant Eric promised to pay the money back.

22. Plaintiffs agreed to loan Defendant Eric $70,000 and defendant Eric wrote up a promissory note and both parties signed it.

23. Defendant Eric after receiving the loan from plaintiff made 3 payments that were promised in the written agreement$6615.00, $ 5000.00 and $5885.00.

24. Plaintiffs have been loaning defendant Eric Weinstein money for years now and payments have been late plaintiff is owed $52,500.00.

25. Defendant Eric has come to plaintiffs stating he had personal financial problems and plaintiffs have always been there to loan the defendant money on several occasion

defendant Eric has stated that he was going to lose his home to foreclosure and plaintiffs did not want to see this happen.

26. Defendant Eric always decided the amount to be loaned the amount of interest that he would pay and the dates the payments would be paid to the plaintiff, the plaintiffs never suggested any dates for payment or interest.

27. Defendant always suggested that he does the paper work; the defendant is a savvy accountant that knows Massachusetts laws and took advantage of the plaintiffs.

28. Plaintiffs forgave over $23000 of debt from the defendant and still defendant Eric refuses to pay plaintiffs anymore of their money.

29. Plaintiffs has several promissory notes that the defendant has created whenever he was loaned money, the final

30. On February 24, 2012 the defendant Eric Weinstein wrote a new Promissory Note after the plaintiff's agreed to forgive interest but the defendant dated the promissory note as of **February 24, 2011** when it should have been dated **February 24, 2012** although the **signature panel and the payment dates all reflect 2012** dates see exhibit 1.

31. Defendant Eric made payments of **$6615.00, $5000.00, and $5885.00 for a total of $17,500 which leaves a balance of $52,500 see Exhibit 1.**

32. Defendant Eric wrote up **ALL** the promissory notes between defendant & Plaintiff and upon information and belief added things in the promissory note that was in his best interest (to much interest) to make it seem as if plaintiffs was charging him to much interest plaintiffs trusted Defendant Eric to write a good contract but he did not do so but is still bound to pay back the money.

33. Plaintiffs told Eric that the interest was a lil bit too much and to adjust it accordingly and defendant Eric stated that he would do so.

34. Defendant Eric violated the Massachusetts Unfair & Deceptive Trade Practices Act. By not making payments to the plaintiff in a timely and orderly fashion and by breeching the contract.

35. Defendant Eric breeched the promissory note by only making 3 payments to the plaintiff.

36. Plaintiff sent defendant Eric a MGL 93a demand letter on or about April 9, 2013 and plaintiff was served with it by the Norfolk Sheriff's Department on or about April 15, 2013 **Exhibit 2**.

37. Defendant Eric sent plaintiff a text message stating that he would pay the $52000 he owed plaintiff see Exhibit 3.

38. Plaintiff also sent defendant Eric a Notice of Pending Lawsuit.

39. Defendant Eric answered and stated that plaintiff had violated Massachusetts laws by charging him too much interest when in fact defendant Eric wrote the promissory note his self.

40. Defendant Eric answered the MGL 93 a demand letter about 3 weeks after he was served with it.

41. Defendant Eric refuses to acknowledge that he still owes the plaintiff any money at all which is a violation of the Massachusetts Unfair & Deceptive Trade Practices Act. (MGL 93A).

42. Plaintiff asks the court for relief and to order defendant Eric to pay the plaintiff the balance of the promissory note.

43. Plaintiffs tried several times to contact the defendants by phone by was not able to.

44. Defendant's Eric, Efficient conduct was done with malicious intent or reckless indifference to the rights of Plaintiffs and with an evil motive, such that an award of punitive damages is warranted, as well as prejudgment interest.

45. Plaintiffs gave defendant Efficient a line of credit for goods and services from his place of business and defendant Efficient has defaulted of the line of credit that was granted to efficient.

46. Defendant Efficient owes the plaintiff **$7205.14** for goods and services extended to defendant from plaintiff.

47. Plaintiffs sent defendant Efficient a MGL 93A demand letter and a Notice of Pending Lawsuit and defendant has never answered it which is a violation of Massachusetts law.

48. Plaintiffs have tried to contact the defendant several times to pay the bill but the defendant has refused to acknowledge that plaintiff is owed any money from the defendant.

49. Plaintiffs have tried to be reasonable with efficient and Eric Weinstein but defendants refuse to pay for any and all moneys goods or services extended to them by the plaintiff.

50. Plaintiff pulled his consumer credit reports from Experian the credit reporting agency and found entries by entities that he had not authorized to pull his consumer credit report that made his credit score go down.

51. Plaintiff determined that his consumer credit report had been pulled on various occasions by Defendants Chase & BOA without her consent.

52. Plaintiff found after examination of his consumer credit report that Defendants BOA had pulled Plaintiff's consumer credit report in Month & Year of 01/09/2014, 12/03/2013, 11/08/2013, 11/01/2013, 08/01/2013, 05/31/2013, and 05/07/2013.

53. Plaintiff found after examination of his consumer credit report that Defendant CHASE had pulled Plaintiff's consumer credit report in Month & Year of 10/28/2013, 09/30/2013, 08/26/2013, 08/05/2013, 06/24/2013, 04/22/2013, 03/18/2013, 01/21/2013, 05/30/2012, 04/30/2012, 03/27/2012, 02/29/2012, 02/02/2012 without his consent causing his credit score to drop.

54. Discovery of violation brought forth herein occurred in February 2014 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

55. Congress passed the FDCPA to combat the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . [that] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy." 15 U.S.C. § 1692.**

56. **Defendants cannot show that their actions were an error or a mistake pulling plaintiffs credit report over 6 times is not a mistake or error.**

57. Plaintiff need only show a violation of one of the FDCPA's provisions in order to make out a prima facie case and plaintiff has done so.

58. Defendants may, as an affirmative defense, claim that their violations were unintentional, but they must meet the burden of showing "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error and defendants has violated the plaintiffs privacy over and over again.

59. Plaintiff has sent defendants Chase & BOA letters to see why his credit was pulled but has yet to hear any respond from Chase or BOA all mitigation has been done defendants will not respond, and Defendants BOA & CHASE has never sent plaintiff an offer for a line of credit.

## COUNT 1

### Violation of MGL c. 93A
### Unfair or Deceptive Acts or Practices in Violation of G. L. c. 93A,§ 2
### BY DEFENDANTS Eric M. WEINSTEIN
### And EFFICIENT EXCAVATING, INC.

60. A plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged here.

61. Plaintiffs sent defendants Eric, Efficient Excavating, Inc, 93 a letters and Notices of Intent to sue letters.

62. Defendant's refused to pay plaintiff the balance of their lines of credit as of December 11, 2013.

63. Defendants Eric and Efficient violated the Massachusetts Unfair and Deceptive Trade Practices Act MGL 93A by failing to pay plaintiff the balance that is owed on the accounts.

**WHEREFORE**, Plaintiffs prays that this honorable Court award him damages from Defendants Eric M. Weinstein and Efficient Excavating, Inc for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to credit and any other and further relief which is just and proper under the circumstances.

### COUNT 2

### COMMON LAW FRAUD
### DEFENDANTS ERIC WEINSTEIN AND EFFICIENT

64. Plaintiffs repeat and re-allege each and every allegation set forth above as if reasserted and re-alleged here.

65. Defendants Eric & Efficient intentionally or recklessly misled Plaintiffs by: stating that they will pay the line of credit on time.

66. Defendant Eric & Efficient knew the representations were false or misleading and acted with reckless disregard for the truth.

67. Defendant Eric & Efficient intended for Plaintiffs to rely on its representations in order to induce Plaintiff's to extend them a line of credit.

68. Defendants Eric & Efficient committed the above acts or practices willfully, recklessly, maliciously and with the intent to injure and defraud Plaintiffs.

69. Plaintiffs exercised all due diligence and reasonably relied on Defendant Eric & Efficient representations, which have resulted in damages to Plaintiff.

**WHEREFORE**, Plaintiffs prays that this honorable Court award him damages from Defendants Eric M. Weinstein & Efficient Excavating Inc for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to credit and any other and further relief which is just and proper under the circumstances.

## COUNT 3

## BREACH OF CONTRACT

## DEFENDANTS ERIC WEINSTEIN & EFFICIENT EXCAVATING INC

70. Plaintiffs repeat and re-allege each and every allegation set forth above as if reasserted and re-alleged here.

71. The acts and omissions described herein constitute a Breach of Contract under the common law of the State of Massachusetts by ERIC WEINSTEIN & EFFICIENT EXCAVATING INC.

**WHEREFORE**, Plaintiffs prays that this honorable Court award him damages from Defendants Eric M. Weinstein & Efficient Excavating, Inc for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to credit and any other and further relief which is just and proper under the circumstances.

## COUNT 4

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT

### CHASE AND BANK OF AMERICA

72. Paragraphs 1 through 10 are realleged as though fully set forth herein.

73. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

74. CRA is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §    1681a (f).

75. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

76. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

77. Plaintiff has only applied for credit one time means defendants CHASE & BOA should have only pulled plaintiffs credit report one time.

78. At no time did Plaintiff give his consent for Defendants CHASE and BOA, to acquire his consumer credit report multiple times from any credit reporting agency.

79. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

**(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;**

80. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff only applied for a line of credit one time defendants never had authorization multiple times to pull plaintiff credit reports.

81. In 2012, 2013 & 2014 Defendants CHASE and BOA obtained the CRA consumer

Credit report for the Plaintiff with no permissible purpose in violation of

FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged reason why his credit report was pulled on so many occasions; plaintiff never received a firm offer of credit after he received his credit cards.

82. No accounts with CHASE and BOA which would come under the definition of account in the FCRA in regard to permissible purpose.

83. The action of Defendants CHASE and BOA obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

   Wherefore, Plaintiff demands judgment for damages against Defendants CHASE and BOA for statutory damages of $1000.00, each credit pull and punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT 5

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS CHASE & BANK OF AMERICA (BOA)

**84.** Paragraphs 1 through 83 are realleged as though fully set forth herein.

**85.** Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

86. Defendants CHASE and BOA is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

87. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants CHASE and BOA violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   (b) Defendants CHASE and BOA violated 15 U.S.C. 1692e(10) (the use of false representation to collect any debt or obtain information about a consumer)

   88. The Fair Debt Collection Practices Act ("FDCPA") is *a* comprehensive statute which

prohibits a catalog of activities in connection with the collection of debts by third parties. *See 15 U.S.C. § 1692* et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of

disapproved practices, and prohibit harassing and abusive tactics, both generally and in a

(a) specific list of disapproved practices.


WHEREFORE, Plaintiff demands judgment for damages against CHASE & for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.


Respectfully submitted,

DESPINA ASARIDIS

IOANNIS ASARDIS


FEBRUARY 21, 2014

# EXIBIT1

Ioannis Asaridis

Despina Asaridis

20 Christina Drive

Walpole, Ma 02082                                    April 9, 2013


Eric M. Weinstein

971 Park Street

Stoughton, Ma 02072

Dear Eric M. Weinstein,

I am writing to you under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, the Consumer Protection Act. I am writing to request relief as outlined in that statute.

On or about February 24, 2011 the following unfair or deceptive act(s) or practice(s) occurred:

I Ioannis and Despina Asaridis made a written agreement with Mr. Eric Weinstein to reduce (Forgive) the amount that is owed from $100,000 to $70,000 this money was loaned to Eric Weinstein when he came to us for monetary help.

Mr. Eric Weinstein only made 3 of the 7 payments that were promised in the written agreement (Promissory Note) on February 24, 2011, the payments were as follows: $6615.00, $5000.00, and $5885.00 for a total of $17,500 which leaves a balance of $52,500 which he has not paid.

We have already forgiven Mr. Eric Weinstein over $30,000 from the amount owed, just to accommodate him.

I believe that these acts or practices are declared unlawful by Section 2 of Chapter 93A, which declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful.

I have and will suffer injury or loss of money (in the amount of), $52,500.

This letter serves as my request for the following relief: $52,500, under the provisions of Section 9 Chapter 93A, I am providing you with the opportunity to make a written offer of settlement of this claim within 30 days. If you fail to make a good faith offer of settlement in response to this request, and I institute legal action, **a court may award me double or triple damages, attorney's fees and costs if the court finds in my favor**. Please communicate with me by mail only everything must be in writing so that there is no miscommunication at all.

I may be reached at the address written above, I look forward to hearing from you Thank you have a nice day.

Sincerely,

Ioannis Asaridis

Despina Asaridis

# EXIBIT 2

## PROMISSORY NOTE
## STATE OF MASSACHUSETTS

**ALL EXISTING PROMISSORY NOTES ARE NULL AND VOID AS THEY**
**HAVE BEEN SETTLLED OR PAID IN FULL**

**THIS IS THE ONLY NOTE BETWEEN THE LENDER(S) AND BORROWER**
**THE PREVIOUS FINAL NOTE DATED APRIL 18, 2011 WITH A REMAINING**
**BALANCE OF $ 70,000.00 WAS REDUCED RENEGOTIATED AS OF TODAY**

# FEBUARY 24TH ,2011
# $ 70,000.00

*BORROWER*                     *LENDER*
Eric M. Weinstein              Ioannis and or Despina Asaridis
971 Park Street                20 Christina Drive
Stoughton, Ma 02072            Walpole, Ma 02082

For value received the undersigned Eric M. Weinstein ( Borrower ) of 971 Park Street
Stoughton, Ma 02072 as principal promise to pay to the order of Ioannis and or Despina
Asaridis ( Lender ) the sum of $ 70,000.00 on or before as follows below.

If any payment obligation under this note is not paid when due, the borrower promises to
pay all costs of collection including reasonable attorney fees, whether or not a law suit is
commenced as part of the collection process.

This promissory note shall be construed in accordance with the laws of the State Of
Massachusetts regarding promissory notes and personal loans.
Terms $ 70,000.00 Original Loan Amount
THIS IS THE FINAL AND ONLY LOAN BETWEEN THE PARTIES
The Rate Of Repayment Is As Follows :

| | | | |
|---|---|---|---|
| ONE PAYMENT OF $ 17,500.00 ON 3-1-12 | I H. | PAID | CHECK 127 6615.00 |
| ONE PAYMENT OF $ 2,500.00 ON 11-1-12 | | PAID | CHECK 126 5000.00 |
| ONE PAYMENT OF $ 17,500.00 ON 3-1-13 | | PAID | CHECK 9169 5665.00 |
| ONE PAYMENT OF $ 2,500.00 ON 11-1-13 | | PAID | |
| ONE PAYMENT OF $ 15,000.00 ON 3-1-14 | | PAID | |
| ONE PAYMENT OF $ 5,000.00 ON 11-1-14 | | PAID | |
| ONE PAYMENT OF $ 10,000.00 ON 3-1-15 | | PAID | |

Eric M Weinstein ( Borrower )
Dated FEBUARY 24, 2012

Ioannis Assardis & or Despina Asardis
Dated FEBUARY 24, 2012

# EXIBIT 3

- your current creditors to monitor your accounts (date listed may reflect only the most recent request);
- an end user to complete your mortgage loan application.

These inquiries do not affect your credit score.



Address:
Date of Request:
01/29/2014

**BK OF AMER**
Address:
PO BOX 982238
EL PASO TX 79998
(800) 421-2110
Date of Request:
01/09/2014, 12/03/2013, 11/08/2013, 11/01/2013, 08/0
05/07/2013

Address:
PO BOX 24696
COLUMBUS OH 43224
(800) 848-9136
Date of Request:
01/09/2014

Address:
PO BOX 981537
EL PASO TX 79998
(800) 874-2717
Date of Request:
12/30/2013

Address:
2036 WASHINGTON ST
HANOVER MA 02339
*No phone number available*
Date of Request:
12/17/2013, 04/24/2013, 03/01/2013, 12/18/2012, 09/(

Address:
PO BOX 24696
COLUMBUS OH 43224
(800) 848-9136
Date of Request:
11/25/2013, 08/05/2013, 07/08/2013

**CHASE**

Address:
PO BOX 15298
WILMINGTON DE 19850
(800) 955-9900

Date of Request:
10/28/2013, 09/30/2013, 08/26/2013, 08/05/2013, 06/2
03/18/2013, 01/21/2013, 05/30/2012, 04/30/2012, 03/2
02/02/2012



Address:
300 LEDGEWOOD PL
ROCKLAND MA 02370
*No phone number available*

Date of Request:
10/15/2013

Address:
PO BOX 6241
SIOUX FALLS SD 57117
*No phone number available*

Date of Request:
10/11/2013, 09/16/2013, 08/10/2013, 07/12/2013, 06/1
04/12/2013, 03/08/2013, 04/17/2012

Address:
PO BOX 84037
COLUMBUS GA 31908
(888) 561-8861

Date of Request:
09/12/2013, 09/28/2012

Address:
PO BOX 15157
WILMINGTON DE 19850
*No phone number available*

Date of Request:
08/29/2013, 05/10/2013

Address:
PO BOX 15157
WILMINGTON DE 19850
*No phone number available*

Date of Request:
07/25/2013, 06/07/2013

Address:
30 POND ST
SHARON MA 02067
*No phone number available*

Date of Request:
06/25/2013, 06/22/2012

# EXIBIT 4

**Ioannis Asaridis**

**Despina Asaridis**

**20 Christina Drive**

**Walpole Ma 02082**          **May 30, 2013**

Eric M. Weinstein

971 Park Street

**Stoughton, Ma 02072**

# NOTICE OF PENDING LAWSUIT

To whom it may concern,

This is being sent prior to filing suit an opportunity to amicably cure Eric M. Weinstein violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692c(a)(1) and the Massachusetts Unfair & Deceptive Trade Practices Act MGL 93A.

I am willing to settle these matters amicably without having to file suit and am giving you five days from receipt of this letter to take the opportunity to do so. If Eric M. Weinstein chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law.

I can be reached directly at 508-631-2729, this cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,

_____

Ioannis Asaridis