UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
DESPINA ASARIDIS, and )
IOANNIS ASARDIS )
 )
 Plaintiffs, )
 v. ) CIVIL NO.: 14-CV-10417-NMG
 )
ERIC M. WEINSTEIN, )
TAILORED TAX CENTER, )
EFFICIENT EXCAVATING, INC., )
CHASE BANK, and )
BANK OF AMERICA )
 )
 Defendants. )
_____)

**ERIK M. WEINSTEIN AND TAILORED TAX CENTER'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION TO DISMISS FOR LACK OF JURISDICTION**

### I.   INTRODUCTION

Defendants, Eric M. Weinstein ("E. Weinstein") and Tailored Tax Center ("Tailored", collectively "Weinstein"), submit this memorandum in support of their motion to dismiss for lack of subject-matter jurisdiction.

### II.   FACTUAL BACKGROUND

For purposes of this Motion only, we accept the facts as alleged in the Complaint as true:

1.   Plaintiffs are residents of Walpole, County of Norfolk, Massachusetts and citizens of the United States. Complaint ("Compl.") at ¶ 1.

2.   Defendant E. Weinstein is a resident of Stoughton, County of Norfolk, Massachusetts with an address of 971 Park Street, Stoughton, MA 02072. Compl. at ¶ 2.

3.   Defendant Tailored is a dba of Weinstein with a principal place of business of 971 Park Street, Stoughton, County of Norfolk, Massachusetts. Compl. at ¶ 3.

4. Defendant Efficient Excavating Inc. ("Efficient") is a Massachusetts corporation with a principal place of business of 892 Oak Street, Brockton, MA 02301. Compl. at ¶ 4.

5. Defendant Bank of America ("BOA") is a credit card company with an address of P.O. Box 982238, El; Paso, TX 79998. Compl. at ¶ 5.

6. Defendant Chase Bank ("Chase") is a corporation and third party debt collector and servicer with an address of P.O. Box 15298, Wilmington, DE 19850. Compl. at ¶ 6.

7. The plaintiffs allege they loaned Weinstein money on several occasions and plaintiffs allege they were never paid back on time. Compl. at ¶ 15.

8. The plaintiffs allege they loaned Weinstein $70,000 dollars. Compl. at ¶ 17.

9. The plaintiffs allege Weinstein was to use the money to invest in his business Tailored. Compl. at ¶ 14.

10. Plaintiffs state that Weinstein made three payments in the amounts of $6,615.00, $5,000.00 and $5,885.00. Compl. at ¶ 23.

11. Plaintiffs allege that Weinstein now owes $52,500.00 to plaintiffs under the alleged loans. Compl. at ¶¶ 24 and 31.

12. Plaintiffs allege they gave defendant Efficient a line of credit for goods and services from plaintiff's place of business and Efficient has defaulted on the line of credit. Compl. at ¶ 45.

13. Plaintiffs allege they are owed $7,205.14 from Efficient for goods and services extended to Efficient under the line of credit. Compl. at ¶ 46.

14. Plaintiffs allege that his consumer credit report has been pulled on various occasions by Defendants Chase and BOA without consent. Compl. at ¶ 51.

15.     Plaintiffs allegations in Count 1 are only against Weinstein and Efficient and based on alleged violations of Massachusetts state consumer protection law M.G.L. c. 93A. Compl. at ¶¶ 61-63.

16.     Plaintiffs allegations in Count 2 are only against Weinstein and Efficient and based on alleged violations of Massachusetts state common law fraud. Compl. at ¶¶ 64-69.

17.     Plaintiffs allegations in Count 3 are only against Weinstein and Efficient and based on alleged violations of Massachusetts state contract law. Compl. at ¶¶ 70-71.

18.     Plaintiffs allegations in Count 4 are only against BOA and Chase are based on alleged violations of violation of 15 U.S.C. §1681. Compl. at ¶¶ 72-83.

19.     Plaintiffs allegations in Count 5 are only against BOA and Chase are based on alleged violations of violation of 15 U.S.C. §1692. Compl. at ¶¶ 84-88.

### III.    ARGUMENT

#### A.    This Court Does Not Have Jurisdiction over Weinstein Pursuant to §1331 and All Counts Against Him and Tailored Should Be Dismissed

In their Complaint, plaintiffs base jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, both assert this court's federal question jurisdiction. On the Civil Cover Sheet filed with the Complaint, plaintiffs indicate that all parties are "Citizens of This State" and that the basis of jurisdiction is Federal Question. See Civil Cover Sheet, Docket Entry 1, Attachment 1. Yet, plaintiffs make no allegations against Weinstein that are based on the statutes plaintiffs cite for jurisdiction.

Counts 1 through 3 of the Complaint are the only allegations made against Weinstein and those three counts are all based on state law claims. See Amended Complaint, Docket Entry 7. Counts 4 and 5 of the Complaint are allegations made only against Chase and BOA. *Id.* Plaintiffs inappropriately join the claims against Chase and BOA with those against Weinstein in

an effort to invoke this Court's jurisdiction under federal law because plaintiffs are unable to assert any violations by Weinstein to invoke this court's 28 U.S.C. §1331 jurisdiction against him alone.

Plaintiffs may therefore, only appropriately invoke, against Weinstein, this courts diversity jurisdiction pursuant to 28 U.S.C. §1332(a) which states, in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States…" It is undisputed that all plaintiffs and defendants E. Weinstein and Tailored are residents and citizens of the Commonwealth of Massachusetts. Compl. at ¶¶ 1 – 3.

Federal courts are courts of limited jurisdiction. *In re Olympic Mills Corp.,* 477 F.3d 1, 6 (1st Cir.2007). The presumption is that a federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove it. *See id.; K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1027 (9th Cir.2011), *cert. denied,* 132 S.Ct. 1098 (2012). If the court lacks subject matter jurisdiction over a matter, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

Plaintiffs' claims against Weinstein involve allegations of defaults of alleged promissory notes or for goods sold or services rendered. These are all state law matters and do not involve a federal questions. There are no claims upon which this Court may exercise federal question jurisdiction, *see* 28 U.S.C. § 1331.

### B. This Court Does Not Have Jurisdiction over Weinstein Pursuant to §1367 and All Counts Against Him and Tailored Should Be Dismissed

In an attempt to circumvent plaintiffs' jurisdictional problem, plaintiffs allege wholly unrelated claims against Chase and BOA based on federal law. The joinder of these two

unrelated claims with the state law claims against Weinstein does not allow this court to assert jurisdiction over the state law claims against Weinstein. There are no allegations that any of the federal law allegations are even remotely related to claims against Weinstein, rather, they are simply thrown into the complaint in an effort to circumvent the appropriate jurisdictional allegations. This Court cannot invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367, which states, in relevant part "…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…" because this court does not have original jurisdiction over the claims asserted against Weinstein.

Plaintiffs similarly have attempted to invoke this Court's jurisdiction against Weinstein in an unrelated case, C.A. No.:13-cv-13226-RGS and have failed as a result of a lack of complete diversity. Plaintiffs seemingly added claims against defendants Chase and BOA to remedy this problem and trick this Court into believing that it has jurisdiction pursuant to 28 U.S.C. §1367. This Court should not be manipulated by plaintiffs and should dismiss this case against Weinstein.

      C.    **This Court Does Not Have Jurisdiction over Weinstein Pursuant to §1332 and All Counts Against Him and Tailored Should Be Dismissed**

To establish federal diversity jurisdiction over this case, plaintiffs must satisfy the requirements set forth in 28 U.S.C. § 1332, in particular, diversity of citizenship, and an amount in controversy exceeding $75,000. "Where it applies, diversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.' This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez–Torres v. Ryder Mem'l Hosp., Inc.,* 582 F.3d 47, 53–54 (1st Cir.2009) (citations

omitted). "The rule is most inflexibly applied at the time of filing, for it has long been settled that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' "In *re Olympic Mills Corp.,* 477 F.3d at 7.

The Complaint asserts that both plaintiffs are Massachusetts residents and that E. Weinstein and Tailored are also Massachusetts residents. Compl. at ¶¶ 1 – 3. Therefore, no diversity jurisdiction exists in this case, and the case should be dismissed.

Additionally, plaintiffs cannot satisfy the requirement under § 1332 requiring that the amount in controversy exceed $75,000. It is plain from the Complaint that plaintiffs are aggregating different defendants in an attempt to satisfy this minimum. Weinstein is alleged to owe plaintiffs $52,500.00. Compl. at ¶ 24 and 31. Plaintiffs also allege that the only other defendant under the state law claims, Efficient, owes $7,205.14. Compl. at ¶46. Plaintiffs attempt to meet the statutory minimum by aggregating this amount with the allegations against Weinstein. Compl. at ¶ . Thus, the Complaint against Weinstein and Tailored fails to meet the requisite amount in controversy, as well.

## IV.   CONCLUSION

All plaintiffs and Weinstein, removing all incorrectly joined and unrelated defendants, are residents and citizens of the Commonwealth of Massachusetts. As a result, it is insufficient to grant subject-matter jurisdiction to this Court pursuant to 20 U.S.C. §1332. Thus, Weinstein respectfully request that this Motion to Dismiss for Lack of Jurisdiction be Granted.

          ERIC M. WEINSTIEN and
          TAILORED TAX CENTER
          By their Attorney,

          __*Dennis C. Carter*_____
          Dennis C. Carter, BBO No. 670187
          CARTER & DOYLE LLP

7

|  |  |
|---|---|
|  | 430 Bedford Street, Ste 195 |
|  | Lexington, MA 02420 |
|  | PH: 781-861-0064 |
|  | FAX: 781-861-0065 |
| Date: April 4, 2014 | dcarter@carterdoyle.com |