UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESPINA ASARIDIS and IOANNIS ASARIDIS,<br><br>           *Plaintiffs,*<br><br>v.<br><br>ERIC M. WEINSTEIN, et al.<br><br>           *Defendants.* | C.A. No. 1:14-cv-10417-NMG |

**DEFENDANT CHASE BANK USA, N.A.'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Defendant Chase Bank USA, N.A. (identified in the Complaint and this opposition as "Chase") respectfully submits this opposition to Plaintiffs' Motion for Entry of Default Judgment (the "Motion").[1] For the reasons explained below, Plaintiffs have failed to properly serve Chase. Accordingly, this Court lacks jurisdiction over Chase and the Motion should be denied.

**BACKGROUND**

Plaintiffs Despina and Ioannis Asaridis, proceeding *pro se*, filed this lawsuit on February 24, 2014. *See* Doc. 1. On April 15, 2014, Plaintiffs filed a Proof of Service. *See* Doc. No. 14 (attached hereto as Exhibit 1). Accordingly to that Proof of Service, Plaintiffs attempted to serve Chase by mailing a copy of the summons and complaint to a Delaware P.O. box via certified mail in March 2014. *Id.*

---

[1] Because Chase has not been properly served, this Court lacks personal jurisdiction over Chase. Chase does not waive or relinquish the defenses of insufficient process or insufficient service of process by filing this opposition.

On April 18, 2014, Plaintiffs filed the Motion seeking a default judgment against Chase. *See* Doc. No. 20. On May 8, 2014, this Court referred the Motion to Magistrate Judge Robert B. Collings. *See* Doc. 28. No default has been entered against Chase under Fed. R. Civ. P. 55(a).

## ARGUMENT

**I. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED BECAUSE PLAINTIFFS FAILED TO PROPERLY SERVE CHASE.**

"[S]ufficient service of process is a prerequisite to entry of default judgment." *McLarnon v. Deutsche Bank Nat. Trust Co.*, 2014 WL 793570, at *6 (D. Mass. Feb. 25, 2014). Because Plaintiffs have failed to properly serve Chase, they are not entitled to a default judgment.

Under Fed. R. Civ. P. 4(h), a "corporation, … partnership or other unincorporated association" may be served within the United States either in the manner prescribed by Fed. R. Civ. P. 4(h)(1)(B) or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1). Here, Plaintiffs assert that they perfected service on Chase by mailing process via certified mail to a Delaware P.O. box. *See* Ex. 1. This method of service, however, fails to comply either with Fed. R. Civ. P. 4(h)(1)(B) or with Massachusetts or Delaware law.

This Court recently held that service of process by certified mail is defective under both Fed R. Civ. P. 4(h)(1)(B) and Mass. R. Civ. P. 4(d)(2). *See McLarnon*, 2014 WL 793570, at *6-7 (Saylor, J.). In *McLarnon*, the plaintiff attempted to serve a defendant law firm by mailing the summons to the defendant's address by certified mail. *Id.* at *7. The Court denied the plaintiff's subsequent motion for default judgment, noting that "Fed. R. Civ. P. 4(h) requires that service on a corporation, partnership, or association in the United States … be made 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process' or by other means provided by state law." *Id.* The Court further noted that "Mass. R. Civ. P. 4(d)(2) similarly requires that service on a corporation … be made on an officer or agent of the entity." *Id.* Thus, the Court held that service by certified mail was not proper under either federal or Massachusetts law. *Id.*

Delaware law likewise does not permit a party to perfect service of process by certified mail. Instead, to properly serve a corporate defendant under Delaware law, a plaintiff must "personally serve Defendant by delivering a copy of the summons and complaint in th[e] action to either an officer, director, or registered agent." *Church-El v. Bank of New York*, 2013 WL 1190013, at *5 (D. Del. Mar. 21, 2013) (citing 8 Del. C. § 321(a) and Del. Super. Ct. R. Civ. P. 4(f)(1)(III)). Delaware courts have repeatedly emphasized that "service by certified mail is not a valid form of service." *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 503 (D. Del. 2007). Because Plaintiffs failed to personally serve an officer, director or registered agent of Chase, they have not properly served Chase under Delaware law.

In sum, Plaintiffs have failed to serve Chase in a manner authorized under Fed. R. Civ. P. 4(h). Their motion for entry of a default judgment should therefore be denied. *See McLarnon*, 2014 WL 793570, at *6-7 (denying motion for default judgment when defendant had not been properly served); *Church-El*, 2013 WL 1190013, at *6 ("[A]s there has not yet been proper service of the summons and complaint upon Defendant, the Court finds that sufficient 'good cause' exists for setting aside the default.").

Alternatively, if the Court determines that Chase has been properly served, Chase respectfully requests that the Court deny the Motion and grant Chase an extension of time to respond to the Amended Complaint. "[F]ederal law favors the disposition of cases on the merits,

and, as a result, a default judgment is a drastic sanction that should be employed only in an extreme situation." *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009).  Plaintiffs have not established – and could not establish – that the drastic sanction of a default is appropriate here.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

Dated:  May 28, 2014.                                    Respectfully Submitted,

/s/ Matthew S. Krauss
Matthew S. Krauss (BBO# 675764)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-6000

*Attorney for Defendant Chase Bank USA, N.A.*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2014, a copy of the foregoing Defendant Chase Bank USA, N.A.'s Opposition To Plaintiffs' Motion for Entry of Default Judgment was filed electronically using the Court's Electronic Case Filing ("ECF") system, which will cause a copy to be served on all counsel that have entered an appearance in this matter.

I further certify that, on May 28, 2014, a copy of the foregoing Defendant Chase Bank USA, N.A.'s Opposition To Plaintiffs' Motion for Entry of Default Judgment was served on Plaintiffs via first-class mail, postage pre-paid, at the following address:

Ioannis Asaridis
Despina Asaridis
20 Christina Drive
Walpole, MA 02082

/s/ Matthew S. Krauss
Matthew S. Krauss