# United States District Court
# District of Massachusetts

DESPINA ASARIDIS,
IOANNIS ASARIDES,
    Plaintiffs,

    v.                          CIVIL ACTION NO. 14-10417-IT

ERIC M. WEINSTEIN,
TAILORED TAX CENTER,
EFFICIENT EXCAVATING, INC.,
CHASE,
BANK OF AMERICA,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANTS ERIC M. WEINSTEIN AND TAILORED TAX CENTER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(1) (#10)*

COLLINGS, U.S.M.J.

    I RECOMMEND that the Defendants Eric M. Weinstein and Tailored Tax

Center's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (#10) be ALLOWED and that the claims against these defendants be DISMISSED for lack of subject matter jurisdiction. I FURTHER RECOMMEND that the claims against defendant Efficient Excavating, Inc. also be DISMISSED for lack of subject matter jurisdiction.[1]

The problem is that plaintiffs bring only state law claims against these three defendants, and there is no diversity of citizenship. The plaintiffs and these three defendants are all alleged to be Massachusetts residents. *See* #1, paragraphs 1-4.

While there is subject matter jurisdiction ("original jurisdiction") against the other two defendants (Chase and Bank of America) because federal claims are alleged, *see* #1, paragraphs 72-88, the claims are separate and certainly would not be deemed to be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, there is no jurisdiction over the claims against these three defendants under the

---

[1] Defendants Eric M. Weinstein, Tailored Tax Center and Efficient Excavating, Inc. shall hereinafter be referred to as the "three defendants."

supplemental jurisdiction of the Court as provided in § 1367(a).

The bottom line is that if the plaintiffs wish to pursue their claims against the three defendants, all of which are based on state law, they must file suit against the three defendants in the appropriate Massachusetts state court.

### *Review by the District Judge*

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,*

616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 27, 2014.